**Edward Idowu SOFOWARA,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**and**

**Edward Idowu Sofowora, Petitioner–
Appellant,**

v.

**Eric H. Holder, Jr., et. al.,
Respondents–Appellees.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nos. 05–77343, 06–15150, 06–17150.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Edward Idowu Sofowara, Vacaville, CA, pro se.

Ada E. Bosque, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Audrey Benison Hemesath, Assistant U.S., Office of the U.S. Attorney, Sacramento, CA, for Respondents–Appellees.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Edward Idowu Sofowara, a native and citizen of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen in case No. 05–77343. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review. Sofowara also appeals two orders from the district court, dismissing his petitions for writ of habeas corpus, in Nos. 06–15150 and 06–17150, which we dismiss as moot.

The BIA did not abuse its discretion in denying Sofowara's second motion to reopen filed more than 13 years after the BIA's final order of deportation, because the motion to reopen was untimely and numerically barred, and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2)–(3).

We lack jurisdiction over Sofowara's contentions regarding the March 1991 and July 2004 BIA orders because the petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

Sofowara's March 23, 2009, motion is denied.

In light of our disposition, we dismiss Sofowora's challenges to his detention in appeal Nos. 06–15150 and 06–17150 as moot.

**In 05–77343: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**In 06–15150 & 06–17150: PETITIONS FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.